# EXHIBIT B

2/5/2021 3:54 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 50414183
By: Monica Jackson
Filed: 2/5/2021 3:54 PM

## 2021-07528 / Court: 125

CAUSE NO. _____

| | | |
|---|---|---|
| CRYSTAL MUNOZ | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| KROGER TEXAS, L.P. | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE.

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW CRYSTAL MUNOZ, Plaintiff, complaining of KROGER TEXAS, L.P., Defendant, and for cause of action would respectfully show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.1    Discovery is intended to be conducted under Level 3 pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

2.1    Plaintiff is an individual residing in Harris County, Texas.

2.2    Defendant KROGER TEXAS, L.P. is a foreign corporation doing business in the State of Texas and may be served through its registered agent for service of process Corporation Service Company d/b/a CSC-Lawyers, Incorporating Service Company at **211 E. 7th St, Suite 620, Austin, TX 78701** by certified mail. **A citation is requested at this time.**

### III.
### VENUE

3.1    Venue is proper and maintainable in Harris County, Texas, under the Texas Civil Practice and Remedies Code as the incident which forms the basis of this suit occurred in Harris County, events or omissions giving rise to this cause of action occurred in Harris County, Texas.

Certified Document Number: 94288120 - Page 1 of 7

## IV.
## FACTS

4.1     On or about July 13, 2019, Plaintiff, CRYSTAL MUNOZ, was on the premises of Kroger Supermarket in East Houston, located at 4000 Polk St, in Houston, TX 77023 which Defendant KROGER TEXAS, L.P. owned and operated at all relevant times. Plaintiff entered the Defendant's premises with the Defendant's knowledge and for their mutual benefit. Defendant extended an open invitation to the public, including Plaintiff, to enter the premises for the purpose of purchasing Defendant's products that Defendant has for sale to the public. Thus, Plaintiff was an invitee on the date of the incident described in this pleading. As Plaintiff was walking near the vegetables and fruit section, Plaintiff slipped and fell on a puddle of water on the Defendant's floor. Defendant failed to warn of the dangerous conditions or place warning signs of a wet floor. Defendant had knowledge of, or in the exercise of ordinary care, should have had knowledge of the substance on the floor which created the dangerous condition but, nonetheless failed to warn Plaintiff of the dangerous condition or to make the floor safe. Further, Defendant was engaged in the activity of maintaining and keeping the floor in a safe condition. Defendant failed to rectify the dangerous condition, failed to maintain the floor where the incident occurred in a safe condition, and failed to warn Plaintiff of the dangerous condition all of which, either singularly or collectively, caused the incident in question and Plaintiff's resulting injuries. Plaintiff CRYSTAL MUNOZ was injured on the property maintained by Defendant. At said time and place, Plaintiff CRYSTAL MUNOZ suffered and sustained severe bodily injuries and damages to her person and body generally.

## V.
## NEGLIGENCE

5.1     On the occasion in question, the Plaintiff was an invitee who entered Defendant's premises with the Defendant's knowledge for their mutual benefit. At the time of the incident

Certified Document Number: 94288120 - Page 2 of 7

described above which forms the basis of this suit, Defendant was a possessor of the premises where the incident occurred. At the time of the incident, the water on the floor involved in the incident was a condition of the premises which posed an unreasonable risk of harm, as it was not readily apparent to Plaintiff, creating a situation where the presence of the water on the floor could cause an individual to lose their footing and fall upon stepping onto the water, as occurred in the incident described above forming the basis of this lawsuit. At the time of the incident, Defendant knew or reasonably should have known of the danger created by this unreasonably dangerous premises condition and breached their duty of ordinary care by failing to adequately warn Plaintiff of the condition and failing to make the conditions reasonably safe. Defendant's breach proximately caused the injuries and damages which Plaintiff is seeking to recover in this suit.

   5.2  On the occasion in question, the Defendant, acting through its agents, servants, and/or employees who were at all times acting within the course and scope of their employment committed acts and/or omissions that constituted negligence which proximately caused the incident in question; to wit:

1. In failing to maintain the premises in question in a reasonably safe condition and free of hazards to Plaintiff and other invitees entering the premises;

2. In failing to correct the unreasonably dangerous condition which was created by the presence substance on the floor of the premises in question;

3. In failing to warn invitees, including Plaintiff of the dangerous conditions of the premises in question;

4. In failing to properly inspect the premises in question to discover the unreasonably dangerous conditions in question;

5. In failing to properly train agents, servants, and/or employees regarding the proper manner in which to make the premises reasonably safe;

6. In failing to implement proper policies, rules, and/or procedures to make the premises reasonably safe; and

7. In failing to enforce proper policies, rules, and/or procedures to make the premises reasonably safe.

Certified Document Number: 94288120 - Page 3 of 7

8. In failing to properly train employees how to respond to an emergency incident such as the one forming the basis of this lawsuit

9. In failing to provide a First Aid kit and/or other appropriate medical equipment for customers and employees to use in case of emergency

10. In failing to properly supervise employees and adequately staff the facility such that at the time the incident forming the underlying basis of this suit occurred, there was no one working who was adequately trained, prepared, and competent to take appropriate action(s) in response to the incident forming the underlying basis of this suit

11. In failing to use ordinary care in hiring employees

12. In failing to take affirmative action to control or avoid increasing the danger from a condition that was at least partially created by Defendant

5.3 Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this suit, and Plaintiff's injuries and damages pled herein.

## VI.
## DAMAGES

6.1 The actions and conduct of the Defendant set forth above are the proximate cause of Plaintiff's serious injuries.

6.2 As a direct, proximate, and foreseeable result of Defendant's conduct, Plaintiff CRYSTAL MUNOZ suffered injuries and damages including the following:

1) Past and future physical pain and suffering;

2) Past and future mental anguish;

3) Past and future impairment;

4) Past and future medical expenses;

5) Past and future lost wages; and

6) Past and future lost earning capacity

6.3   As discussed above, Plaintiff has suffered not only easily quantifiable economic damages but also other forms of damages such as mental anguish and pain and suffering and will likely continue to suffer these damages in the future. Plaintiff is required by law to state the maximum amount of damages she is seeking. Plaintiff believes that when the totality of her damages are considered, along with the wrongful nature of Defendant's conduct, it is possible that a fact finder may ultimately decide that Plaintiff's damages exceed two hundred thousand dollars ($250,000) but it is unlikely that a fact finder would decide that Plaintiff's damages exceed one million dollars ($1,000,000). Plaintiff therefore sues for a sum in excess of two hundred thousand dollars but not to exceed one million dollars to be determined by the fact finder in its sole discretion.

## VII.
## RESPONDEAT SUPERIOR

7.1   Defendant is legally responsible to Plaintiff for the acts and omissions of its employees, agents, servants and representatives under the legal doctrines of respondeat superior, agency and/or ostensible agency. As a result, thereof, the Defendant is vicariously liable for all wrongful and illegal acts, omissions, and conduct of its employees, agents, servants and representatives.

## VIII.
## RES IPSA LOQUITOR

8.1   Plaintiff would show that the conditions and/or instrumentalities involved in the incident complained of herein were under the management and control of the Defendant, and/or its agents, servants, and employees. Plaintiff would further show that the character of the event causing Plaintiff's injuries would not ordinarily occur in the absence of negligence and, under these circumstances, the Defendant's negligence may be inferred under the Doctrine of Res Ipsa Loquitur as that doctrine is understood by law.

## IX.
## PRE AND POST JUDGMENT INTEREST

9.1 Plaintiff will additionally show that she is entitled to recover pre and post-judgment interest in accordance with law and equity as part of her damages herein, and Plaintiff here and now sues for recovery of pre and post-judgment interest as provided by law and equity, under the applicable provision of the laws of the State of Texas.

## X.
## REQUEST FOR DISCLOSURE TO DEFENDANTS

Defendant, pursuant to Rule 194 of the Texas Rules of Civil Procedure, is requested to disclose to Plaintiff's attorneys, on or before fifty (50) days after service of this request, the information or material described in Rule 194.2(a) through (l).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer and that, upon final trial hereof, Plaintiff have judgment against Defendant, that she recover her damages in accordance with the evidence, that she recover costs of Court herein expended, that she recover interest, both pre- and post-judgment, to which she is entitled under the law, and for such other and further relief, both general and special, legal and equitable, to which she may be justly entitled.

Respectfully submitted,

**MUKERJI LAW FIRM, P.C.**

*/s/ Lauren "Logi" Hamor*
Sam K. Mukerji
State Bar No.: 24053377
Jonathan E. Bleyer
State Bar No.: 24089990
Lauren Hamor
State Bar No.: 24095101
2405 Smith Street
Houston, Texas 77006
Tel: (713) 222-1222
Fax: (713) 222-0555
Email: litigation@mukerjilaw.com

**ATTORNEYS FOR PLAINTIFF**

Certified Document Number: 94288120 - Page 7 of 7

2/23/2021 2:54 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 50831142
By: Kevin Childs
Filed: 2/23/2021 2:54 PM

NO. 2021-07528

| | | |
|---|---|---|
| CRYSTAL MUNOZ, | § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | HARRIS COUNTY, T E X A S |
| KROGER TEXAS, L.P., | § § § | |
| Defendant. | § | 125th JUDICIAL DISTRICT |

# DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Kroger Texas, L.P., Defendant in the above entitled and numbered cause, and in answer to the Plaintiff's pleadings on file herein, would respectfully show unto the Court as follows:

### A.
### GENERAL DENIAL

1.      Defendant asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully request that Plaintiff be required to prove the charges and allegations against this Defendant by the evidence as is required by the laws of the State of Texas.

### B.
### CREDIT / OFFSET

2.      In the unlikely event that Defendant is found liable to Plaintiff, Defendant affirmatively pleads that it is entitled to a dollar-for-dollar credit/offset for any and all sums Plaintiff has received or may hereafter receive by way of any and all payments or

settlements of any claims, causes of action, or potential causes of action arising out of the incident made the basis of this lawsuit. This written election is being made pursuant to §33.012(b)(1) of the Texas Civil Practice & Remedies Code.

## C.
## RIGHT TO SUPPLEMENT

3.     Defendant respectfully reserves the right at this time to amend this Original Answer to the Plaintiff's allegations after said Defendant has had the opportunity to investigate more closely these claims, as is the right and privilege of said Defendant under the Rules of Civil Procedure and the laws of the State of Texas.

## D.
## DISCOVERY DOCUMENTS

4.     By way of further Answer, Defendant hereby gives actual notice to the Plaintiff, that any and all documents produced during discovery may be used against the party Plaintiff, if any, at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document. This notice is given pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

## E.
## PAID OR INCURRED

5.     Defendant invokes §41.0105 of the Texas Civil Practice and Remedies Code and requests that, to the extent Plaintiff seeks recovery of medical or healthcare expenses, the evidence to prove such loss be limited to the amount actually paid by or on behalf of the Plaintiff, as opposed to the amount charged.

## F.
## NET LOSS REDUCTION

6. Defendant also invokes §18.091 of the Texas Civil Practice and Remedies Code and requests that, to the extent that Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, or a loss of inheritance, that the evidence to prove such loss must be present in the form of a net loss after reduction for income tax payments or unpaid tax liability. Defendant further requests that the Court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal income taxes.

## G.
## CONTRIBUTORY NEGLIGENCE

7. Defendant contends that the Plaintiff failed to keep a proper lookout and this failure contributed to the Plaintiff's accident. Thus, Defendant contends that the conduct on the part of the Plaintiff was the sole cause or a contributory factor in bringing about the Plaintiff's alleged injuries.

## H.
## JURY DEMAND

9. Defendant herein demands a trial by jury on all contested fact issues. On this date, a jury fee has been paid.

WHEREFORE, PREMISES CONSIDERED, the above-named Defendant, Kroger Texas, L.P., having fully answered herein, prays that Plaintiff take nothing by reason of this suit, and that Defendant be discharged. Defendant prays further that

all court costs expended or incurred in this cause be assessed and taxed against Plaintiff, and for all such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

        Respectfully submitted,

        GERMER, PLLC

By: _____
    TROY A. WILLIAMS
    State Bar No. 00788678
    VALERIE LY
    State Bar No. 24053692
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas  77019
Telephone: (713) 650-1313
Facsimile: (713) 739-7420
E-Mail: twilliams@germer.com
E-Mail: vly@germer.com

ATTORNEYS FOR DEFENDANT,
KROGER TEXAS, L.P.

## CERTIFICATE OF SERVICE

 I hereby certify that a true and correct copy of the above and foregoing instrument has been duly served on the following counsel through the Court's e-service on this the 23rd day of February, 2021:

Sam K. Mukerji
Jonathan E. Bleyer
Lauren Hamor
Mukerji Law Firm, P.C.
2405 Smith Street
Houston, Texas  77006
*Attorneys for Plaintiff*

TROY A. WILLIAMS

NO. 2021-07528

| | | |
|---|---|---|
| CRYSTAL MUNOZ, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, T E X A S |
| | § | |
| KROGER TEXAS, L.P., | § | |
| | § | |
| Defendant. | § | 125th JUDICIAL DISTRICT |

# RULE 216 REQUEST FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

In accordance with the provisions of Rule 216 of the Texas Rules of Civil Procedure, Defendant, Kroger Texas, L.P., requests that when this case proceeds to trial it be placed on the Court's jury trial docket.

Respectfully submitted,

GERMER, PLLC

By: _____
TROY A. WILLIAMS
State Bar No. 00788678
VALERIE LY
State Bar No. 24053692
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas  77019
Telephone: (713) 650-1313
Facsimile: (713) 739-7420
E-Mail: twilliams@germer.com
E-Mail: vly@germer.com
ATTORNEYS FOR DEFENDANT,
KROGER TEXAS, L.P.

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing instrument has been duly served on the following counsel through the Court's e-service on this the 23rd day of February, 2021:

Sam K. Mukerji
Jonathan E. Bleyer
Lauren Hamor
Mukerji Law Firm, P.C.
2405 Smith Street
Houston, Texas 77006
*Attorneys for Plaintiff*

TROY A. WILLIAMS